Celina G. Afenir, Pro Se
11691 North 144th Dr.
Surprise, AZ 85379
Phone: (623) 215-6595

FILED
2008 JUL 11 PM 4:02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINA G. AFENIR<br><br>Plaintiff,<br>vs.<br>COUNTRYWIDE HOME LOANS<br>BLUE HORIZON CAPITAL, IMPAC<br>FUNDING CORPORATION, MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS<br>INC., and RECONTRUST COMPANY,<br><br>Defendants. | Case No. 08 CV 1255 WQH POR<br><br>**VERIFIED COMPLAINT FOR DECLARATORY RELIEF; INJUNCTIVE RELIEF; DECEPTIVE FRAUD AND VIOLATIONS OF TILA, RESPA; AND FAIR DEBT COLLECTION PRACTICES; BREACH OF FIDUCIARY DUTY; RESCISSION AND OTHER RELIEFF.** |

COME NOW the Plaintiff, CELINA G. AFENIR, Pro Se, alleges as follows against Defendants, COUNTRYWIDE HOME LOANS, BLUE HORIZON CAPITAL (hereafter "Blue Horizon"), IMPAC FUNDING CORPORATION (hereafter "Impac"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (hereafter "MERS"), and RECONTRUST COMPANY (hereafter "Recontrust"):

**JURISDICTION**

1. This is an action for Declaratory Relief and Injunctive Relief for pending wrongful foreclosure and fraudulent and predatory lender activities.

2. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly know as the Truth in Lending Act (TILA): 12 USCA § 2605 the Real

1

Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692 Commonly know as the Fair Debt Collection Practices Act

3. Plaintiff further pleads jurisdiction pursuant to the doctrine of pendente jurisdiction as to various related State Law causes of action.

4. The Court has jurisdiction over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Southern District of California. The real property in question is located within San Diego County, California.

DEFENDANT IS PREDATORY LENDER AND BROKER

6 There is no uniformly accepted definition of "predatory lending." However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower

7. Since predatory lenders are constantly developing new techniques to take advantage of borrowers, it is generally accepted by the lending industry and government agencies that monitor that industry that predatory lending practices include engaging in aggressive, high pressure and/or misleading tactics

8. Plaintiff alleges defendant(s) operate a for profit foreclosure business. The event of foreclosure creates a negative financial comment to be placed in the

plaintiff's credit file resulting in damage to her since a lower FICA score results in higher costs of credit which is kept by Experian, Trans Union, and Equifax which are operational components of the Money Trust. This injury is fairly directly traceable to defendants' actions of conducting the trustee's sale on plaintiff's subject property without answering her requests for the validation of debt and without crediting her account with all payments.

## PARTIES

9. At all times material hereto, Plaintiff is a natural person and the owner of the property located at 1970 Columbia Street, #513, San Diego, California 92101.

10  At all times material hereto, Defendants Countrywide Home loans and  Blue Horizon were corporations doing business in San Diego County, California.

11  At all times material hereto, Defendant Impac was a corporation doing business in San Diego County, California.

12  At all times material hereto, Defendant MERS was a corporation doing business in San Diego County, California.

13  At all times material hereto, Defendant Recontrust was a corporation doing business is San Diego County, California.

## PRELIMINARY FACTUAL ALLEGATIONS

14. On July 24, 2006, Plaintiff and Defendants Blue Horizon and Impac, entered into a purported mortgage loan transaction. Said transaction in the principal amount of $421,494.00. Said transaction involved the Plaintiff's property at 1648 1970 Columbia Street, #513 San Diego, CA 92101.

15. The mortgage was to have an interest rate of 10.868% pursuant to a truth in lending statement given to Plaintiff, which was a Adjustable rate Mortgage with a prepayment penalty. However, at time of closing the Adjustable Rate Note listed an interest rate of 11.5%. No reason was ever given to Plaintiff why the rate increased, and why the rate she was promised, the rate on the truth in lending statement and the rate on the note were all different, with the rate escalating from the time Plaintiff received her good faith estimate until the time of closing of the loan transaction. Attached hereto and made a part hereof as Plaintiff's composite Exhibit "A" is the truth in lending statement and the adjustable rate note showing the different interest rates on the documents.

16. Defendants knew, or should have known that Plaintiff could not afford the mortgage loan at the time the loans were closed.

17. Upon information and belief, the note and mortgage on the subject property were subsequently assigned to the Trustee changed from Defendant MERS to Defendant Recontrust. Plaintiff is unsure as to which Defendant actually owns the note and mortgage and which Defendant is the proper party to receive payments.

18. Plaintiff fell behind in the payment of the aforesaid mortgage loans and Defendants are pursuing a non-judicial foreclosure pursuant to a Deed of Trust.

19. Defendants have, in pursuit of a non-judicial foreclosure action, caused a notice of sale to be issued regarding the subject property for July 14, 2008.

20. Plaintiff contest the notice of sale and allege that the notice is not proper and violates the provisions of California Civil Code sections 2924 et seq, and is not proper or legal.

21. Plaintiffs request that the Court determine the respective rights and interests of the respective parties in and to the subject note and mortgage determine the true owner of the note and mortgage, and/ or proper payment and interest rate on the note and mortgage or transfer the title to the plaintiff.

## FIRST CAUSE OF ACTION-DECLARATORY RELIEF

### Against All Defendants

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-21.

23. Pursuant to 28 USCA 2201 et seq. a dispute has arisen between and among the Plaintiff and the Defendants herein and each of them as to the duties and obligations of the respective parties with regard to the loan and/or foreclosure.

24. These disputes concern but are not necessarily limited to the ownership and/or right of foreclosure.

25. These questions concern issues with regard to Plaintiff's home, she is thus required to seek this relief.

26. Plaintiff further alleges that a declaration of rights and duties of the parties herein by the court is essential to determine the actual status and validity of the loan and any rights duties and/or obligations as to the enforcement of it.

27. Plaintiff respectfully requests that the court declare that Plaintiff is protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. §1692 with all its reserved rights, benefits, and privileges and TILA.

28. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record.

29. The Court should declare whether or not the defendants can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

30. The Court should determine whether or not the defendants have violated state securities laws as seen by California Financial Code §33560© and 22340 is applicable where there is fraudulent selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement

31. A judicial determination is appropriate to determine the plaintiff's rights and duties before the pending foreclosure.

32. Plaintiff is informed and believes that she has alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendants' failure to perform, and the inadequacy of a remedy at law.

33. The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

## SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF Against Defendants
### Against All Defendants

34. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-33.

35 Plaintiff request the issuance of a Preliminary Injunction/Temporary Restraining Order pursuant to the California Code of Civil Procedure to enjoin and restrain the Defendant from continuing to pursue a non judicial foreclosure and Trustee's sale of the subject property during the pendency of this action.

36. Plaintiff will be irreparably injured if the parties are not enjoined in that they will suffer complete loss of her unique real property, which is not capable of being duplicated, and will suffer other damages personal to Plaintiff.

37. Any potential harm to Defendant is slight when compared to the damage to be suffered by Plaintiffs and the equities balance in favor of Plaintiff.

38. Plaintiffs have no other adequate remedy at law.

39. Plaintiffs seek entry of a preliminary injunction on an ex parte basis without notice to the named Defendant in that, a foreclosure sale is presently scheduled for July 14, 2008 and there is insufficient time for Defendants to be heard in opposition to this application and request for Temporary or Preliminary Injunction and Restraining Order. Plaintiff seeks as Order enjoining the non-judicial foreclosure sale scheduled for July 14 2008 during the pendency of this matter until Plaintiff's claims can be heard and adjudicated on the merits. Plaintiffs have a good likelihood of prevailing on the merits of her claim given the disparity in interest rates and other irregularities which occurred at the closing of this transaction and subsequent thereto.

40. Plaintiffs request that the restraining Order be issued without bond as Plaintiffs are unable to afford a bond of any kind or type. Such a bond requirement would have an inequitable effect on the ability of Plaintiff and other members of the public to obtain redress of their grievances through the Courts and would have a negative effect on public access to the Courts.

///

## THIRD CAUSE OF ACTION

DECEPTIVE FRAUD AND UNFAIR BUSINESS TRADE PRACTICES AND OTHER STATUTORY RELIEF

Against All Defendants

41. Plaintiffs reallege the allegations contained in paragraphs 1 through 40 and incorporate same by reference into this Count.

42. Defendants acted in a fiduciary relationship of great trust and were to hold property for the plaintiffs' benefit. Defendants breached the fiduciary duty owed to plaintiffs and acted and continue to act for their own benefit to the detriment of the plaintiffs including failure to maintain proper accounting and wrongful attempt to foreclose on plaintiffs' property.

43. Defendants in their role as lenders have placed and negotiated loans without due care to the best interests and/or the protection of plaintiff's rights for their own enrichment.

44. As a direct and legal result of their breach of fiduciary duty Plaintiffs have suffered economic damages in the loss of funds and payment of fees and charges improperly incurred in an amount according to proof at the time of trial.

45. Defendants have acted contrary to the plaintiffs' best interests. The attempt to foreclose upon the subject property lawfully belonging to plaintiffs without producing the documents which demonstrate their status and lawful rights for foreclosure constitutes a breach of the covenant of good faith and fair dealing in their rush to make obscene profits to debtor's detriment. Their wrongful constitutes deceptive fraud, unfair business trade practices and other statutory violations

## FOURTH CAUSE OF ACTION

## RECESSION AGAINST ALL DEFENDANTS.

46. Plaintiffs reallege the allegations contained in paragraphs 1 through 22 and incorporate same by reference into this Count.

47. Plaintiff seeks to rescind the subject transactions by placing the parties back into the positions they occupied prior to the subject transactions.

48. Plaintiff further contends that the Trustee, Defendants MERS and Recontrust have not met their fiduciary duties and responsibilities to Plaintiff.

49. Defendants actions in regard to the subject transactions are deceptive and misleading and the transactions should be rescinded for both legal and equitable reasons.

50. Plaintiffs tender the loan proceeds back to Defendant subject to Plaintiffs being allowed to use the value of the subject property to obtain other financing to place Defendant back into the positions they occupied prior to the subject transaction.

51. Plaintiff requests that this Honorable Court rescind the subject transactions, place the parties back into the positions they occupied prior to the subject transactions, and grant such other and further relief as the Court deems equitable, appropriate and just.

DATED: July 11, 2008        Respectfully submitted

*UCC 3-402 (b)*
*Rica Angelo as agent for Celina G. Afenir*
Celina G. Afenir, Plaintiff
11691 North 144th Dr. Surprise, AZ 85379
Phone – (623) 215-6595

Celina G. Afenir's Complaint For Damages

**VERIFICATION**

I, Celina Afenir am the plaintiff in the above-entitled action. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, California.

Dated: July 11, 2008

Celina G. Afenir

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Verified Complaint has been furnished to Defendants:
Countrywide Home Loans at 400 Countrywide Way SV-35 Simi Valley, Ca. 93065, Blue Horizon at 15707 Rockfield Blvd. #260, Irvine, California 92618; to Defendant Impac Funding at P.O. Box 5170, Simi Valley, California 93062; to Defendant Mortgage Electronic Registration systems, Inc. at 400 Contrywide Way SV-35, Simi Valley, California 93065; and to Defendant Recontrust Company at 1757 Tapo Canyon Road, SVW-88 Simi Valley, California 93063 this _11_ day of July, 2008.

UCC 3-402 (b)

Rica Angelo as agent for Celina G. Afenir
Celina G. Afenir, Plaintiff
Pro Se
11691 North 144th Dr.

10

Celina G. Afenir's Complaint For Damages

Surprise, AZ 85379
Phone# (623) 215-6595

Celina G. Afenir's Complaint For Damages

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Celina G. Afenir PRO-SE

**DEFENDANTS**
COUNTRYWIDE FUNDING, RECONTRUST COMPANY, BLUE HORIZON CAPITAL, INPAC FUNDING CORPORATION, MERS

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Celina G. Afenir PRO-SE
11691 North 144th Dr. Surprise AZ 85379 (623) 215-6595

Attorneys (If Known): '08 CV 1255 WQH POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 ET SEQ

Brief description of cause:
TILA VIOLATIONS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD
UCC 3-402(b)
Rica Angelo as agent for Celina G. Afenir

**FOR OFFICE USE ONLY**
RECEIPT # 152942   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
PB 07/11/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 152942    - MB

        July 11, 2008
          15:59:28

       Civ Fil Non-Pris
USAO #.: 08CV1255 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:              $350.00 CC


    Total->    $350.00


  FROM: CELINA G AFENIR PRO SE VS
        COUNTRYWIDE FUNDING, ET AL
```