Celina G. Afenir, Pro Se
11691 North 144th Drive
Surprise, Az. 85379
Phone: (623) 215-6595

FILED
2008 JUL 11 PM 4:01
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT

COUNTY OF SAN DIEGO

'08 CV 1255 WQH POR

| | |
|---|---|
| CELINA G. AFENIR, | Case No.: _____ |
| Plaintiff, | |
| vs. | MOTION FOR EMERGENCY EX PARTE PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CELINA G. AFENIR; PROPOSED ORDER. |
| Countrywide Home Loans BLUE HORIZON CAPITAL, IMPAC FUNDING CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., and RECONTRUST COMPANY, | |
| Defendants. | NO HEARING DATE |

Plaintiff, CELINA G. AFENIR, pro se, moves this Honorable Court for the emergency Restraining Order to enjoin and restrain defendant from pursuing, conducting or selling the Plaintiff's subject property presently scheduled for July 14 2008 or at any other time during the pendency of this action, and as grounds therefore would state as follows:

1. Plaintiff has filed a Complaint for Declaratory and Injunctive Relief simultaneously.

2. Plaintiff is now, and at all time material hereto is and has been the owner of the subject property located at 1970 Columbia Street, #513, San Diego, California.

3. Due to the Deceptive and Unfair acts and practices complained of, as more fully set forth in Plaintiff's Complaint a TRO is needed to stop Monday's non-judicial foreclosure of the subject property. A foreclosure sale date of July 14 2008 could not be resolved and a stay until further order is requested.

4. Defendant has no right or legal authority to foreclose on Plaintiff's real property due to Defendant's commission of Deceptive and Unfair practices in violation of numerous statutes and predatory lending tactics. Plaintiff asks for Declaratory and Injunctive Relief for the Court to declare the respective rights and responsibilities of the parties in the property and to enjoin disposal or sale of the property during the pendency of this action and to stay removal of Plaintiff from possession of the property pending a hearing of Plaintiff's claim on the merits.

5. Plaintiff requested the Defendant refrain from pursuing a non-judicial foreclosure of the property and from offering the property for foreclosure sale, but Defendant refusese and continues with the non-judicial foreclosure procedures. Plaintiff contests that Defendants have followed the proper legal procedures as set forth for a California foreclosure.

6. Plaintiff will suffer irreparable injury unless Defendant is enjoined and restrained from proceeding with the non-judicial foreclosure sale during the pendency of this action and from removing Plaintiff from possession during the pendency of this action.

7. Plaintiff's damages will be irreparable in that they will suffer the loss of her unique, one of a kind property and all of her equity therein, which property cannot be replaced. Plaintiff will suffer damage to their credit standing and their reputation and will suffer other damage as well, including being dispossessed.

8. The damage to the Plaintiffs, when balanced against the potential damage to Defendant, far outweighs the Defendant's potential damage.

9. Plaintiff further seeks to enjoin and restrain the Defendant from further deceptive acts and practices which are likely to deceive the public if allowed to continue.

10. Plaintiffs have no other adequate remedy at law. Plaintiff has no administrative remedies to pursue.

11. Plaintiff is likely to prevail on her claim on the merits and the Court should maintain the status quo until both Plaintiff and Defendant have had the opportunity to have their respective claims heard.

12. Plaintiff requests that the Court waive any bond requirement as Plaintiffs are unable to afford or to provide a bond of any type, and it would be inequitable to do so.

13. This Motion should be granted Ex Parte and on an emergency basis in that the foreclosure sale date is presently scheduled for June 5, 2008 and there is no time for all Defendants to be heard in opposition prior to the scheduled sale date, which is the damage Plaintiff seeks to apprehend, and if the sale date is allowed to proceed Plaintiff will suffer these damages even if her claims are determined to be meritorious.

WHEREFORE, Plaintiff respectfully pray that this Honorable Court grant to them the following relief:

a) Enjoin and restrain Defendant from pursuing and selling at the foreclosure sale scheduled for July 14 2008 the subject property or from removing Plaintiff from possession during the pendency of this action.

b) Enjoin and restrain Defendant from committing further deceptive or unfair trade practices and detrimental acts toward plaintiff

c) Grant this Order without bond.

d) Grant such other and further relief as the Court deems equitable, appropriate and just.   UCC 3-402 (b)

Dated: 07/11/2008   *Rica Angelo as agent for Celina G. Afenir*
Celina G. Afenir Plaintiff

Celina G. Afenir, Pro Se
1970 Columbia Street, #513
San Diego, CA 92101
Phone:

## IN THE UNITED STATES DISTRICT COURTIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CELINA G. AFENIR,<br><br>      Plaintiff,<br><br>vs.<br>Countrywide Home Loans<br>BLUE HORIZON CAPITAL, IMPAC FUNDING CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., and RECONTRUST COMPANY,<br><br>      Defendants. | Case No.: _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CELINA G. AFENIR; PROPOSED ORDER.**<br><br>**NO HEARING DATE** |

### INTRODUCTION

Despite plaintiff's efforts to resolve the controversy, a foreclosure sale is set for Monday July 14, 2008. Plaintiff sought to resolve this matter to no avail. Plaintiff seeks an emergency stay of the foreclosure to preserve the status quo and prevent irreparable harm by loss of her home by wrongful foreclosure sale on Monday, July 14, 2008.

### LEGAL ARGUMENT

The general rule is that a Temporary Restraining Order or a preliminary injunction is for the purpose of preserving the status quo, that is the condition at the time of filing, until there can be an adjudication on the merits.

As what appears to be the essential case on the issue, but Supreme Court has held "the sole purpose [of the TRO] is to preserve the status quo pending hearing on the moving party's application for a preliminary injunction". Granny Goose Foods v. Brotherhood of Teamsters et al 415 US 423, 439, 94S.Ct. 113 (1974). Thus the only action sought here is the issuance of the TRO together with the setting of the date and any necessary briefing schedule for the issuance of a Preliminary Injunction.

## NOTICE

Unlike a request for a TRO, an application or motion for a Preliminary Injunction requires notice to the opposing party or parties. The rules are clear that a TRO can issue ex parte that is without notice.

As can be seen from the appended attorney declaration and certificate, counsel for moving party here served notice of an emergent hearing or at least attempted to do so at the same time as the complaint was served.

## JURISDICTION SUBJECT MATTER

The first step in obtaining injunctive relief of any sort is that the moving party must demonstrate that the court has subject matter jurisdiction. It must be kept in mind that the basic rule concerning Federal Court jurisdiction is that, unlike the state courts which are presumed to be courts of general jurisdiction, the jurisdiction of this court is circumcised and must be affirmatively pled.  Here, as can be seen from the complaint which has already been filed, the Federal Court jurisdiction is predicated upon federal questions arising out of sections of the United States Code. These include, violation of various federal codes thus giving this court jurisdiction. Thus for purposes of a TRO

sufficient jurisdiction has been pled. In addition, Plaintiff will shortly be filing a first amended complaint alleging violation of the Fair Debt Collection Practices Act both in its federal and state forms.

## PERSONAL JURISDICTION

A second test concerning issuance of a TRO is a demonstration of personal jurisdiction over the parties. As can be seen from the complaint, it is clear that personal jurisdiction over each of the defendants does indeed exist.

## STANDING

The requirement of standing is what prevents someone from bringing action based upon someone else's rights. One must show direct and concrete or eminent injury to oneself. Lujan v. Defenders of Wildlife 504 US 555, 560, 112 S.Ct 2130 (1992).

## EQUITABLE JURISDICTION

Not only must the other jurisdictional requirements he met but the court must have equitable jurisdiction. While courts of equity (Chancery) were once separate, the joinder of both functions unless the Congress has specifically excluded such equitable jurisdiction is implied. "Absent the clearest command to the contrary from Congress, Federal Courts retain equitable power to issue injunctions over any suit over which they have jurisdiction."Calafano v. Yamasaki 442 US 682, 705, 99 S.Ct 2545 (1979). See also US v Oakland Cannabis Buyers Coop 532 US. 483, 495, 112 S.Ct 1711 (2001). Here, there is no question that this court has jurisdiction to grant the relief requested. The only issue is whether the court in its discretion deems the relief appropriate.

## REQUIREMENTS

The initial requirement for the issuance of a TRO is that the moving party must demonstrate what the courts have always labeled the fundamental requirements that he is irreparable injury and the inadequacy of legal remedy. See Weinberger v Romero-Barcedo 456 US 305, 312, 102 S.Ct 1978 (1982).

Here, the item in question is real property in fact the Plaintiffs home. This is one of those items which by definition is configured unique and something for which no amount of monetary damages will compensate. In short, by definition Plaintiff will suffer irreparable harm in the loss of his home and that loss will be something which he cannot be compensated for, the essence of the requirements in equity.

## BALANCING

Under most rulings, the court is also obligated to balance the competing claims of the parties and the effect on each of them of the issuance of injunctive relief as against the harm of not issuing the injunction. In addition, it appears the Judge should give at least some weight to any public interest which might be involved. See Dogloo v. Doshocil Manufacturing Industries 875 F. Supp. 911, 919 (CD Ca 1995).

Generally stated the rule is that there must be a substantial threat of irreparable harm to the Plaintiff, that injury must outweigh any potential harm to Defendants and there is no substantial risk to public interest. Here, what the Plaintiff stands to lose is her home, just the most important investment any person ever makes and the place where one as chosen to make his life, to build his future, a place which by definition the law has ruled

not replaceable by mere money. As to the Defendants here, issuing a Temporary Restraining Order, particularly given the current real estate market will do them essentially no damage at all. In fact it is extraordinarily common that foreclosure sales are postponed without court intervention, something for which as can be seen in the appended declaration of counsel was attempted here. It must be noted, that the Plaintiff has justifiably asked for a demonstration of the right to actually legally hold the foreclosure. It is not excessive to restrain the occurrence of that event until there is actually proof that the Defendants have the right to the relief they seek, a relief which is not reviewed by any court and is extremely harsh.

As to public interest as far as can be seen, there actually is none in one way or the other at least not at this point.

## **LIKELIHOOD OF SUCCESS**

The final prong of the test for issuance of the release sought here is what has been labeled likelihood of success. This is a difficult term to encompass since one must note from the outset that it is likelihood of success as viewed from the perspective of the time at which the request is filed and the courts have long held that certainty is not required.. Plaintiffs are not required to show positively that they will prevail on the merits. A reasonable probability is sufficient See Glider v PGA Tour Inc. 936 F. 2nd 417, 422 (9 Cir 1991).

Various courts have used various tests for this rule that The Ninth Circuit however has set forth a test which is formulated in the alternative. That is a Plaintiff may meet his burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury; or serious questions as to these matters and the balance

of hardships tips sharply in the Plaintiffs favor" Department of Parks & Rec for the State of California v. Bazaar Del Mundo Inc. 448 F. 3rd 1118,1123 (9h Cir 2006).

The court continued to note that the two "formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases"id at pg 1123-1124.

The Circuit Court, has also noted that where there are "serious questions" that is questions that involve a fair chance of success on the merits that cannot be resolved by the one way or the other at the hearing on the injunction "and they as to which the court perceives the need to preserve the status quo lest one side prevent resolution of the question or execution of any judgment by altering the status quo" Republic of the Philippines v Marcos 862 F. 2nd 1355, 1362 (9 Cir 1988). In this case, the issue was whether the Defendant a former President of the Philippines would make it impossible for the Republic to recover its treasury.

Here, the Plaintiff has demonstrated the existence of that reasonable likelihood of success with regard to very serious questions. Unlike the case decided by Judge Whelan a little over a month ago, Lyndon v. Countrywide Home Loans (Docket number 08 - CV-0837) May 13, 2008 the Plaintiff here has both filed suit and sought relief prior to the occurrence of the sale.

Admittedly, it was very shortly before the foreclosure sale but the declaration of the Plaintiff demonstrates clearly that he had been actively attempting to obtain information so as to determine whether the sale was lawful.

These efforts, would clearly show a demonstration of violation of both the Federal and State Fair Debt Collection Practices Act.  Plaintiff has demonstrated a sufficient

likelihood of success when given the extraordinarily serious event which will take place if the TRO does not issue to justify the court entering the order and setting the matter for a hearing.

## CONCLUSION

For all of these reasons it is respectfully requested the stay be granted and that a temporary restraining order issue restraining all Defendants from taking any action negatively affecting Plaintiffs rights to the property.

Dated: July 11, 2008    UCC 3-402 (b)

*Rica Angelo as agent for Celina G. Afenir*
_____
Celina G. Afenir

## DECLARATION OF CELINA . AFENIR

I, Celina G. Afenir: declare:

1. I am a plaintiff in the within matter. The facts set forth herein are within my personal knowledge and, if called upon to do so, I could and would competently testify thereto under oath. This declaration is made in support of ex parte application for injunctive stay of unlawful foreclosure, dated for July 14, 2008, of our home at 1970 Columbia Street, #513, San Diego, CA

2. I simultaneously have filed a complaint for damages for wrongful foreclosure, declaratory relief, declaratory relief; injunctive relief. Accounting, deceptive fraud and unfair business trade practices and other statutory violations, and fraudulent conduct of defendants.

3. In good faith I entered into a mortgage on July 24, 2006 with Defendants Countrywide Home Loans and Blue Horizon and Impac. There were many things that I did not understand, but my questions went unanswered.

4. A foreclosure sale is now set on Monday, July 14, 2008. I need an emergency order to stop the foreclosure sale or the property will be lost. I have no a remedy to keep the status quo until the court hears the issues of my complaint.

5. This ex parte application is being faxed the defendant parties as stated on the attached certificate of service and their office is being advised that any opposition to this ex parte request must be immediately filed with the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on 11th day of July, 2008 at San Diego, California.

UCC 3-407 (b)

*Rica Angelo as agent for Celina V. Afenir*

Celina G. Afenir