1  Martin T. McGuinn (SBN 082530)
   C. Colin Cossio (SBN 167901)
2  KIRBY & McGUINN, A P.C.
   600 B Street, Suite 1950
3  San Diego, California 92101-4515
   Telephone: (619) 685-4000  Facsimile:  (619) 685-4004
4

5  Attorneys for Defendant COUNTRYWIDE HOME LOANS, INC.,
   IMPAC FUNDING CORPORATION, MORTGAGE ELECTRONIC
6  REGISTRATION SYSTEMS and RECON TRUST COMPANY, N.A.

7

8              **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CELINA G. AFENIR,                    )      Case No. 08 CV 1255 WQH POR
                                         )
12            Plaintiff,                 )
                                         )      **ANSWER OF DEFENDANTS**
13     v.                                )      **COUNTRYWIDE HOME LOANS INC.,**
                                         )      **IMPAC FUNDING CORPORATION, AND**
14  COUNTRYWIDE HOME LOANS               )      **RECON TRUST COMPANY**
    BLUE HORIZON CAPITAL, IMPAC          )
15  FUNDING CORPORATION, MORTGAGE        )      Judge:            Hon. William Q. Hayes
    ELECTRONIC REGISTRATION SYSTEMS      )      Magistrate Judge:  Hon. Louisa S. Porter
16  INC., AND RECON TRUST COMPANY        )      Ctrm:             4
                                         )
17            Defendants.                )
   _____)
18

19         Defendants Countrywide Home Loans, Inc., a New York corporation, sued erroneously as

20  Countrywide Home Loans ("CWHL"), IMPAC Funding Corporation, a California corporation

21  ("Impac"), Mortgage Electronic Registration Systems, a Delaware corporation, and Recon Trust

22  Company, a National Association ("Recon"), collectively referred to hereafter as "Defendants," for

23  themselves alone answer the Complaint for Declaratory Relief, Injunctive Relief, Deceptive Fraud and

24  Violations of TILA, RESPA, and Fair Debt Collection Practices Act; Breach of Fiduciary Duty,

25  Rescission and Other Relief filed on July 11, 2008, as follows:

26         1.      Paragraph 1 contains no allegations of fact and consists simply of introductory material.

27  For this reason, Defendants deny the allegations of paragraph 1.

28

2.    Defendants admit the allegations in Paragraph 2 that concurrent jurisdiction exists as to Claims for Relief, which relate to Truth-in-Lending Act, the Real Estate Settlement Procedures Act and Homeowners Equity Protection Act or the Fair Debt Collection Practices Act.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 2 and further deny that Plaintiff has properly alleged any claims under the Truth-in-Lending Act, the Real Estate Settlement Procedures Act and Homeowners Equity Protection Act and the Fair Debt Collection Practices Act.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Court's supplemental jurisdiction over Defendants's state law claims and on such basis deny the allegations of paragraph 3.

4.    Defendants allege that paragraph 4 contains no allegations of fact and consists simply of legal conclusions.   For this reason, Defendants deny all allegations of paragraph 4.

5.    In answering paragraph 5, Defendants admit that the real property which is the subject of this action is located in the County of San Diego, and is located within the boundaries for the United States District Court for Southern District of California.  Defendants deny venue is proper in the Northern District of California.  Except as expressly admitted, Defendants deny the remaining allegations of paragraph 5.

6.    Paragraphs 6 and 7 contain no allegations of fact and consist simply of legal conclusions. For this reason, Defendants deny the allegations of paragraphs 6 and 7.

7.    Defendants deny the allegations of paragraph 8.

8.    In answering paragraph 9, Defendants admit Plaintiff is a natural person and formerly owned the real property located at 1970 Columbia Street, No. 513, San Diego, California.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and for that reason deny each and every remaining allegation contained in paragraph 9.

9.    In answering paragraph 10 Defendants admit that CWHL is a corporation doing business in San Diego County California.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and for that reason deny each and every remaining allegation contained in  paragraph 10.

1    10.    Defendants admit the allegations of Paragraphs 11, 12, and 13.

2    11.    In answering paragraph 14 Defendants admit that Plaintiff entered into a loan transaction

3  with Impac dated July 20, 2006 which loan was secured by a deed of trust on property located at 1970

4  Columbia Street, No. 513,  San Diego, California 92101 in the sum of $379,300.00.  Except as expressly

5  admitted, Defendants deny the remaining allegations contained in paragraph 14.

6    12.    Defendants deny all allegations of paragraph 15 and further allege that the Adjustable Rate

7  Note, speaks for itself.  Defendants further allege that there is no Exhibit A attached to the complaint.

8    13.    Defendants deny the allegations of paragraph 16.

9    14.    Defendants admit the trustee named in the deed of trust referred to in paragraph 17 was

10  substituted from North American Title Company to Recon.  Except as expressly admitted, Defendants

11  lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

12  paragraph 17, and for that reason deny each and every remaining allegation contained in paragraph 17.

13    15.    Defendants admit the allegations of paragraphs 18 and 19.

14    16.    Defendants deny all allegations of paragraph 20.

15    17.    Defendants deny all allegations of paragraph 21 and request that the court confirm title

16  to the Subject Property in favor of CWHL pursuant to the foreclosure sale which occurred on July 14,

17  2008.

18    18.    In answering Paragraph 22, Defendants re-allege as though set forth in full herein their

19  responses to paragraphs 1 through 21 of the Complaint.

20    19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

21  matters alleged in paragraph 23, and for that reason deny each and every allegation of paragraph 23.

22    20.    Defendants admit that on July 14, 2008, a Trustee's Sale was conducted on the real

23  property referred to in the Complaint.  Except as expressly admitted, Defendants lack knowledge or

24  information sufficient to form a belief as to the truth of the matters alleged in paragraph 24, and for that

25  reason deny each and every remaining allegation contained in paragraph 24.

26    21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

27  allegations of paragraphs 25 and 26, and for that reason deny each and every allegation contained in

28  paragraphs 25 and 26.

1    22.    Paragraph 27 contains no allegations of fact and consists simply of legal conclusions and
2  for this reason, Defendants deny each and every allegation of paragraph 27.

3    23.    Paragraph 28 contains no allegations of fact and consists simply of legal conclusions and,
4  for this reason, Defendants deny each and every allegation of paragraph 28.

5    24.    Paragraph 29 contains no allegations of fact and consists simply of legal conclusions, and
6  for this reason, Defendants deny each and every allegation of paragraph 29.

7    25.    Paragraph 30 contains no allegations of fact and consists simply of legal conclusions, and
8  for this reason, Defendants deny each and every allegation of paragraph 30.

9    26.    Defendants deny the allegations of Paragraph 31.

10    27.    Defendants deny the allegations of Paragraph 32.

11    28.    Paragraph 33 contains no allegations of fact and consists simply of legal conclusions and,
12  for this reason, Defendants deny each and every allegation of paragraph 33.

13    29.    In answering paragraph 34, Defendants re-allege as though set forth in full their responses
14  to paragraphs 1 through 33 of the Complaint.

15    30.    In answering paragraph 35, Defendants lack knowledge or information sufficient to form
16  a belief as to the truth of the allegations of paragraph 35, and for that reason deny each and every
17  allegation contained in paragraph 35 .

18    31.    Defendants deny each and every allegation of paragraphs 36, 37, 38 and 39.

19    32.    Defendants admit a foreclosure sale of the subject property occurred on July 14, 2008.
20  Except as expressly admitted, Defendants allege the remaining allegations of Paragraph 40 contain no
21  allegations of fact and consist simply of legal conclusions, and for this reason, Defendants deny each and
22  every remaining allegation of paragraph 40.

23    33.    In answering paragraph 40, Defendants re-allege as though set forth in full their responses
24  to paragraphs 1 through 39 of the Complaint.

25    34.    Defendants deny each and every allegation of paragraphs 42, 43, 44, and 45.

26    35.    In answering paragraph 46, Defendants re-allege as though set forth in full their responses
27  to paragraphs 1 through 22 of the Complaint.

28

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 47, and for that reason deny each and every allegation of paragraph 47.

37.     Defendants deny each and every allegation of paragraphs 48 and 49.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 50, and for that reason deny each and every allegation of paragraph 50.

39.     Defendants deny each and every allegation of paragraph 51. ,

**FIRST AFFIRMATIVE DEFENSE**

40.      Without admitting any of the allegations contained in the Complaint, Defendants allege that the Complaint , and each and every purported claim for relief contained therein, fails to allege facts sufficient to state a claim against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

41.     Any alleged failure by Defendants under the Truth in Lending Act ("TILA"), which Defendants deny, was the result of an unintentional and bona fide error.

**THIRD AFFIRMATIVE DEFENSE**

42.     Defendants are informed and believes and thereupon alleges: The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed, that the Plaintiff was in full possession of all information relevant to the discovery of a TILA violation, if any, and a section 1640(a) damages claim on the day the loan papers were signed, therefore the limitation period has run on the rescission claim.

**FOURTH AFFIRMATIVE DEFENSE**

43.     Defendants are informed and believes and thereupon alleges that the right to rescind expires when the Subject Property was sold.  The Subject Property was sold on July 14, 2008 prior to Defendants receipt of the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

44.     Defendants are informed and believes and thereupon alleges:  This action is barred by reason of the Plaintiff's conduct, acts and omissions, including but not limited to, the failure to make the monthly payments due under the loan documents Plaintiff executed which constitute an estoppel to assert the claims alleged in the Complaint.

1

**SIXTH AFFIRMATIVE DEFENSE**

2      45.    Without admitting any of the allegations contained in the Complaint, Defendants allege

3 that the injuries and damages, if any, allegedly sustained by Plaintiff are speculative, indefinite and

4 uncertain in that the Complaint fails to allege with specificity what acts or omissions on the part of

5 Defendants proximately caused the damages, if any, in the amounts claimed, or give rise to Plaintiff's

6 claims for relief requested.

7

**SEVENTH AFFIRMATIVE DEFENSE**

8      46.    Without admitting any of the allegations contained in the Complaint, Defendants alllege

9 that Plaintiff's damages, if any, were proximately caused solely by the intervening conduct, acts or

10 omissions of parties other than answering Defendants.

11

**EIGHTH AFFIRMATIVE DEFENSE**

12      47.    Without admitting any of the allegations contained in the Complaint, Defendants are

13 informed and believes and thereupon alleges: Plaintiff unreasonably delayed to assert the claims alleged

14 in the Complaint, such that the Plaintiff's claims are barred under the doctrine of laches.

15

**NINTH AFFIRMATIVE DEFENSE**

16      48.    Without admitting any of the allegations contained in the Complaint, Defendants allege

17 that Plaintiff would be unjustly enriched if she recovered any of the sums alleged to be due in the

18 Complaint.

19

**TENTH AFFIRMATIVE DEFENSE**

20      49.    Defendants' conduct is not the sole and proximate cause of the alleged damages, if any.

21 Any damages awarded to Plaintiff must be apportioned according to the respective fault and legal

22 responsibility of all parties, persons, and entities or their agents and employees who contributed to and/or

23 caused the alleged damages, if any, according to proof presented at the time of trial.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25      50.    Defendants' actions, if any, with respect to the subject matters in each of the alleged

26 causes of action were undertaken in good faith and for good cause, with the absence of malicious intent

27 to injure Plaintiff, and constitute lawful, proper, fair, and justified means to further the sole purpose of

28 Defendants to engage in and continue lawful business activities. Furthermore, all decisions made my

1  Defendants were reasonably based on legitimate, business reasons, and were made for proper, business-

2  related reasons which were neither arbitrary, capricious, nor unlawful.  By reason thereof, Plaintiff is

3  barred, in whole or in part, from recovery on any of the purported causes of action.

4  **TWELFTH AFFIRMATIVE DEFENSE**

5  51.    Defendants are informed and believe, and thereon allege, that they complied with all

6  requirements under state and federal law for making the loan to Plaintiff with all required disclosures and

7  notices of all rights under said statutes in a timely manner.

8  **THIRTEENTH AFFIRMATIVE DEFENSE**

9  52.    Defendants are  informed and believe, and thereon allege, that Plaintiff failed to mitigate

10  the damages alleged in the Complaint.  To the extent that such failure to mitigate, any recovery by

11  Plaintiff should be reduced.

12  **FOURTEENTH AFFIRMATIVE DEFENSE**

13  53.    Defendants are informed and believe, and thereon allege, that Plaintiff's claims are barred

14  by the doctrine of judicial estoppel in that Plaintiff previously filed an action in the Superior Court for

15  the County of San Diego seeking the same relief and failed to obtain injunctive relief to prevent the

16  foreclosure sale referenced in the Complaint and thereafter abandoned the suit in the San Diego Superior

17  Court.

18  **FIFTEENTH AFFIRMATIVE DEFENSE**

19  54.    Defendants are informed and believe, and thereon allege, that Plaintiff failed to notify

20  Defendants of the alleged default or liability within a reasonable time or pursuant to a proper method.

21  **SIXTEENTH AFFIRMATIVE DEFENSE**

22  55.    Defendants is informed and believes, and thereon alleges, that Plaintiff is guilty of

23  inequitable conduct, thereby barring Plaintiff from recovery of any damages.

24  **SEVENTEENTH AFFIRMATIVE DEFENSE**

25  56.    Defendants are informed and believe, and thereon allege, the Complaint is barred by the

26  doctrine of unclean hands in that Plaintiff failed to either make payments as required by the loan

27  documents which is the cause for the delinquency and the foreclosure on the real property and Plaintiff

28

1  did not submit a valid tender of the amount due to redeem the real property prior to the foreclosure sale

2  in order to exercise her rights under the Truth in Lending Statute.

3  **EIGHTEENTH AFFIRMATIVE DEFENSE**

4        57.      Defendants is informed and believes, and upon such information and belief, allege that

5  Plaintiff's complaint, and each cause of action therein, is barred by the doctrine of waiver.

6  **NINETEENTH AFFIRMATIVE DEFENSE**

7        58.      Without admitting any of the allegations contained in the Complaint, Defendants alllege

8  that the Plaintiff failed to tender payment of the indebtedness owing as a condition precedent to

9  preventing, voiding or setting aside the non-judicial foreclosure sale. Tender requires both an

10  unconditional promise to pay the amount the creditor claims is due and the present ability to do so.

11  Plaintiff's offer to use the real property as security for another loan in the complaint is not a valid tender.

12  (*Karlsen v. American Savings and Loan Association* (1971) 15 Cal. App.3d 112, 92 Cal. Rptr. 851.)

13  **TWENTIETH AFFIRMATIVE DEFENSE**

14        59.      As a separate affirmative defense, and without admitting any of the allegations contained

15  in the Complaint, Defendants hereby reserves any other Affirmative Defenses with respect to the

16  Complaint which may become apparent upon discovery in this matter and which may be hereinafter

17  asserted with respect to this action.

18  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

19        60.      Defendants allege that they  presently have insufficient knowledge or information on

20  which to form a belief as to whether she may have additional, as yet unstated, claims for relief available.

21  Defendants reserves her right to assert claims for relief as counterclaims, cross-claim and/or third party

22  claims, in the event discovery or an investigation indicates that they would be appropriate.

23  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

24        61.      Defendants allege as either a lender of money or a trustee under a deed of trust they do

25  not owe a fiduciary duty to the Plaintiff or any borrower as a matter of law.

26  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

27        62.      Defendant allege that they were privileged to do the acts stated in the Complaint in the

28  pursuit of their legitimate business interests.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

63.    Defendants on information and belief allege that if additional disclosures needed to be given to Plaintiff prior to loan consummation, such disclosures were given in accordance with 15 U. S. C. section 1638 (b) (2) prior to closing or consummation of the loan transaction..

## TWENTY FIFTH AFFIRMATIVE DEFENSE

64.    Defendants allege that the Complaint fails to state a claim for relief for damages because claims arising under 15 U.S.C. 1638 (b) do not qualify as claims for statutory damages under 16 U.S.C. 1640 under prevailing precedent in the Ninth Circuit Court of Appeals.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

65.    Defendants allege that Plaintiff is not entitled to damages under 28 U.S.C. section 1640 because she did not detrimentally rely on any alleged lack of disclosure of the necessary information, she did not allege she would have received a better rate from another lender, nor did she allege that had she known the actual rate she would not have proceeded with the loan transaction.

WHEREFORE Defendants pray as follows:

1.    That the Plaintiff obtain no relief by way of the Complaint.

2.    For costs of suit.

3.    For reasonable attorneys' fees.

4.    For such other and further relief as the Court deems just.

Dated:  August 26, 2008                    KIRBY & McGUINN, A P.C.


By:  /s/  Martin T. McGuinn
    Martin T. McGuinn
    Attorneys for Defendants COUNTRYWIDE
    HOME LOANS, INC., MORTGAGE
    ELECTRONIC REGISTRATION SYSTEMS,
    IMPAC FUNDING CORPORATION and
    RECON TRUST COMPANY, N.A.

1   Martin T. McGuinn (SBN 082530)
    C. Colin Cossio (SBN 167901)
2   KIRBY & McGUINN, A P.C.
    600 B Street, Suite 1950
3   San Diego, California 92101-4515
    Telephone: (619) 685-4000  Facsimile: (619) 685-4004
4

5   Attorneys for Defendants COUNTRYWIDE HOME LOANS, INC.,
    IMPAC FUNDING CORPORATION, MORTGAGE ELECTRONIC
6   REGISTRATION SYSTEMS and RECON TRUST COMPANY

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  CELINA G. AFENIR,                    )   Case No. 08 CV 1255 WQH POR
                                         )
12            Plaintiff,                 )
                                         )   **NOTICE OF PARTIES WITH FINANCIAL**
13      v.                               )   **INTEREST**
                                         )
14  COUNTRYWIDE HOME LOANS               )   Judge:           Hon. William Q. Hayes
    BLUE HORIZON CAPITAL, IMPAC          )   Magistrate Judge:  Hon. Louisa S. Porter
15  FUNDING CORPORATION, MORTGAGE        )   Ctrm:            4
    ELECTRONIC REGISTRATION SYSTEMS      )
16  INC., AND RECONTRUST COMPANY         )
                                         )
17            Defendants.               )
    ―――――――――――――――――――――――――            )
18

19          TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

20          NOTICE IS HEREBY GIVEN, pursuant to Civil Local Rule 40.2, that the following entities are

21  parent corporations of Defendants Countrywide Home Loans ("CWHL"), Impac Funding Corporation

22  ("Impac"), Mortgage Electronic Registrations Inc. and Recontrust Company ("Recontrust"),

23  respectively:

24          1.      Bank of America Corporation, a Delaware corporation, parent corporation of CWHL and

25  Recontrust;

26          2.      Impac Mortgage Holdings, Inc., a California corporation, parent corporation of Impac

27  Funding Corporation; and

28

NOTICE OF PARTIES WITH FINANCIAL INTEREST                    Case No. 08 CV 1255 WQH POR
*AFENIR v. COUNTRYWIDE HOME LOANS, et al.*                   Page 1

1        3.     MERS Corp., a Delaware corporation, parent corporation of Mortgage Electronic

2  Registration, Inc.

4  Dated:  August 25, 2008              KIRBY & McGUINN, A P.C.

By: */s/ Martin T. McGuinn*
     Martin T. McGuinn
     C. Colin Cossio
     Attorneys for Defendant COUNTRYWIDE
     HOME LOANS, IMPAC FUNDING and
     RECONTRUST COMPANY

1 | Martin T. McGuinn (SBN 082530)
C. Colin Cossio (SBN 167901)
2 | KIRBY & McGUINN, A P.C.
600 B Street, Suite 1950
3 | San Diego, California 92101-4515
Telephone: (619) 685-4000  Facsimile: (619) 685-4004
4 |

5 | Attorneys for Defendants COUNTRYWIDE HOME LOANS,
IMPAC FUNDING and RECONTRUST COMPANY
6 |

7 |

8 | ### IN THE UNITED STATES DISTRICT COURT

9 | ### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | CELINA G. AFENIR,                          )    Case No. 08 CV 1255 WQH POR
                                               )
12 |            Plaintiff,                      )
                                               )    **DECLARATION OF SERVICE**
13 |   v.                                       )
                                               )
14 | COUNTRYWIDE HOME LOANS                      )
BLUE HORIZON CAPITAL, IMPAC                     )
15 | FUNDING CORPORATION, MORTGAGE              )
ELECTRONIC REGISTRATION SYSTEMS                )
16 | INC., AND RECONTRUST COMPANY               )
                                               )
17 |            Defendants.                     )
     _____ )
18 |

19 |        I, Beth Ward, declare under penalty of perjury that the following facts are true and correct:  I am

20 | a resident of the State of California and over the age of 18 years and not a party to or interested in the

21 | within entitled cause.  I am an employee of KIRBY & McGUINN, and my business address is 600 "B"

22 | Street, Suite 1950, San Diego, California 92101-4515.  On August 26, 2008, I served the following

23 | document(s):

24 |        **1.      VERIFIED ANSWER TO COMPLAINT; and**

25 |        **2.      NOTICE OF PARTIES WITH FINANCIAL INTEREST**

26 | by:

27 |        ☐       MAIL: by placing a true copy(ies) thereof in a sealed envelope(s) in the outgoing
                   mail tray located in my office for deposit in the United States mail, with postage fully
28 |               prepaid, addressed as shown below.  I am readily familiar with the business practice

DECLARATION OF SERVICE                                          Case 08 CV 1255 WQH POR
*AFENIR v. COUNTRYWIDE HOME LOANS, et al.*                      Page 1

1    at my place of business for collection and processing of outgoing mail with the U.S. Postal Service that same day in the ordinary course of business.

2

3    ☐    PERSONAL SERVICE: by personally serving by hand-delivery, via the same in an envelope(s) addressed as shown below:

4    ☐    OVERNIGHT DELIVERY: by enclosing, a true copy(ies) in a sealed FedEx envelope(s) addressed as shown below.

5

6    ☐    VIA FACSIMILE: by transmitting via facsimile to the number(s) shown below:

7    ■    ELECTRONICALLY through the U.S. District Court, Southern District website: https://www.casd.uscourts.gov/

8    Said document(s) was/were served on the following persons:

9

10    Celina G. Afenir, Pro Se
      11691 North 144th Drive
      Surprise, AZ 85379
11    Telephone:   (623) 215-6595

12    I declare under penalty of perjury under the laws of the United States of America that the

13    foregoing is true and correct.

14    Executed on August 26, 2008, at San Diego, California.

15

16    _/s/ Beth Ward_____
      Beth Ward

17

18

19

20

21

22

23

24

25

26

27

28